983 F.2d 1077
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ignacio Neto TORRES, Plaintiff-Appellant,
v.
UNITED STATES of America; United States Department of
Justice; Federal Bureau of Prisons, United States Federal
Prison--Wilmot, located at Tucson, Arizona; Warden Federal
Correction Institute, Defendants-Appellees.
 No. 92-16061.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 14, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ignacio Neto Torres appeals pro se the district court's summary judgment for the defendants in his action brought under 42 U.S.C. § 1983. We review de novo the district court's grant of summary judgment. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). We affirm.
 
 
 3
 Torres, a former federal inmate, filed this action under 42 U.S.C. § 1983 alleging that the defendants deprived him of his constitutional rights by holding him in the custody of a federal prison six months longer than his sentence required. Torres alleged error by the Bureau of Prisons with respect to the computation of his sentence. The dispute involved credit for time spent on parole. Torres sought compensatory and punitive damages.
 
 
 4
 Because Torres originally named federal prison officials rather than state officials in his complaint, the district court construed his complaint as a Bivens action. The federal agents, however, were voluntarily dismissed from this action before the district court entered its grant of summary judgment.[1] Therefore, only the United States and United States agencies remained as named defendants in this action when the district court issued its summary judgment.
 
 
 5
 Sovereign immunity prevents Bivens -type actions for money damages against the United States and its agencies. See Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir.1984), cert. denied, 475 U.S. 1010 (1975); Holloman v. Watt, 708 F.2d 1399, 1401-02 (9th Cir.1983), cert. denied, 466 U.S. 958 (1984). Therefore, to the extent that Torres sought money damages against the United States and its agencies, the district court properly ruled in favor of the defendants. See Arnsberg, 757 F.2d at 980. Accordingly, we affirm.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A Bivens action is limited to claims for damages for violations of constitutional rights by federal officials acting under color of their authority. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 398 n. 1 (1971); Saul v. United States, 928 F.2d 829, 835-36 (9th Cir.1991)